**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| THROUGHPUTER, INC., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 1:25-CV-01625-DAE |
| | § | |
| GOOGLE LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**DEFENDANT GOOGLE LLC'S MOTION TO DISMISS UNDER
FED. R. CIV. P. 12(B)(6)**

**TABLE OF CONTENTS**

**Page**

Introduction ............................................................................................................................. 1

Background ............................................................................................................................. 1

Legal Standard ...................................................................................................................... 3

I.      Rule 12(b)(6) ............................................................................................................ 3

II.     Patent Infringement .................................................................................................. 3

        A.      Induced infringement requires knowledge or willful blindness. ........................... 4

        B.      Willful infringement likewise requires knowledge or willful blindness. .............. 5

        C.      Contributory infringement requires knowledge or willful blindness, and
                other elements. .................................................................................................. 5

Argument ............................................................................................................................... 6

I.      ThroughPuter states no claim of pre-suit indirect or willful infringement. ....................... 6

        A.      ThroughPuter does not allege Google knew of the alleged infringement of
                the asserted patents before ThroughPuter filed its complaint. ............................... 6

        B.      ThroughPuter does not allege pre-suit willful blindness. ..................................... 8

II.     ThroughPuter's claims of contributory infringement fail entirely ................................... 9

Conclusion ............................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arris Grp., Inc. v. British Telecommc'ns PLC*,
639 F.3d 1368 (Fed. Cir. 2011)....................................................................................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................................................................................................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................................................3

*BillJCo, LLC v. Apple Inc.*,
583 F. Supp. 3d 769 (W.D. Tex. 2022)................................................................ *passim*

*Bio-Rad Lab'ys, Inc. v. USITC*,
998 F.3d 1320 (Fed. Cir. 2021).....................................................................................6

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015)..................................................................................................5, 6

*CTD Networks, LLC v. Amazon.com, Inc.*,
688 F. Supp. 3d 436 (W.D. Tex. 2023)............................................................................7

*CTD Networks, LLC v. Google, LLC*,
688 F. Supp. 3d 490 (W.D. Tex. 2023)............................................................................5

*Flypsi, Inc. v. Google LLC*,
No. 6:22-cv-0031-ADA, 2022 WL 3593053 (W.D. Tex. Aug. 22, 2022) ..............................7

*Ginko, LLC v. Apple Inc.*,
No. 1:24-cv-1279-DAE, Dkt. 56 (W.D. Tex. Sept. 26, 2025).........................................4, 7, 8

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)...........................................................................................4, 5, 6, 8

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
579 U.S. 93 (2016)......................................................................................................4, 5

*Info-Hold, Inc. v. Muzak LLC*,
783 F.3d 1365 (Fed. Cir. 2015).......................................................................................5

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*,
No. 6:20-cv-00318-ADA, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021)...........................4, 5, 8

*Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*,
571 U.S. 191 (2014)......................................................................................................9

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*,
No. 6:20-cv-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sep. 1, 2021) ...............................7

*Network Sys. Techs., LLC v. Qualcomm Inc.*,
No. 1:22-cv-01331, 2023 WL 11833572 (W.D. Tex. July 21, 2023)...........................4, 5, 7, 8

*Script Sec. Sols. LLC v. Amazon.com, Inc.*,
170 F. Supp. 3d 928 (E.D. Tex. 2016)....................................................................................8

*Tuchman v. DSC Commc'ns Corp.*,
14 F.3d 1061 (5th Cir. 1994) ..................................................................................................4

**Statutes**

35 U.S.C. § 271(a) .................................................................................................................3, 4

35 U.S.C. § 271(b) ............................................................................................................ *passim*

35 U.S.C. § 271(c) ............................................................................................................ *passim*

35 U.S.C. § 284.....................................................................................................................1, 4

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)............................................................................................................3

## Introduction

Plaintiff ThroughPuter fails to adequately allege several of its claims against Google, warranting dismissal of those claims at the pleading stage. Specifically, ThroughPuter states no claim for pre-suit indirect or willful patent infringement, or for contributory patent infringement.

First, ThroughPuter fails to state any claim against Google for (1) pre-suit indirect infringement of the asserted patents under 35 U.S.C. § 271(b) or § 271(c) or (2) pre-suit willful infringement of the asserted patents and resulting enhanced damages under 35 U.S.C. § 284. To state those claims, ThroughPuter must plausibly allege that Google not only knew of or was willfully blind to the asserted patents, but also knew of or was willfully blind to infringement of those patents before ThroughPuter filed suit. ThroughPuter has alleged neither—its conclusory allegations fall well short of its pleading obligations and do not suggest that Google knew of any alleged infringement before ThroughPuter sued Google. The Court therefore should dismiss ThroughPuter's claims for pre-suit indirect and willful infringement.

Second, ThroughPuter fails to state any claim of contributory infringement of the asserted patents under § 271(c), whether pre-suit or post-suit. Though ThroughPuter's complaint occasionally uses the word "contributed," it fails to make even boilerplate allegations of contributory infringement—including that any Google components are material to allegedly infringing products or lack substantial infringing uses—much less state a plausible claim. The Court therefore should dismiss ThroughPuter's claims of contributory patent infringement in their entirety.

## Background

ThroughPuter has sued Google for allegedly infringing five patents that relate to hardware architecture for parallel data processing: U.S. Patent Nos. 8,561,078 ("the '078

patent"), 8,789,065 ("the '065 patent"), 10,318,353 ("the '353 patent"), 10,133,599 ("the '599 patent"), and 10,310,902 ("the '902 patent"). ThroughPuter specifically targets certain computer processors called "Titanium offload processors (TOPs)" and "infrastructure processing units (IPUs)" that allegedly handle aspects of data routing and processing in Google's Titanium cloud-computing system. Compl. ¶¶ 31–32, ECF No. 1. At a high level, the accused TOP IPUs allegedly help distribute computing tasks across multiple processors in a computer network. *Id.*

ThroughPuter alleges that Google has infringed each of its five asserted patents both directly and indirectly and has done so willfully. *See id.* ¶¶ 40–41. ThroughPuter's specific allegations regarding Google's alleged knowledge, indirect infringement, and willful infringement of the asserted patents are as follows.

For direct infringement, ThroughPuter alleges that Google has had "actual notice and knowledge" of each of the asserted patents "by no later than the filing of this Complaint" and, at least since that time, Google's infringement has been "willful"—that Google "knew or should have known that its actions constituted an unjustifiably high risk of infringement," especially after the complaint was filed. *Id.* ¶¶ 61–62, 69, 107–08, 114, 153–54, 161, 194–95, 202, 237–38, 245. ThroughPuter also claims that Google "was, at a minimum, willfully blind to the existence of" the asserted patents, Google's "infringement thereof, as well as the infringement of their customers and others." *Id.* ¶¶ 63, 109, 155, 196, 239.

For indirect infringement, ThroughPuter likewise alleges Google "has known that it is infringing . . . by no later than the filing of this Complaint," Google "has had actual knowledge of its indirect infringement its acts induced and/or contributed to such since no later than the filing of this Complaint," and its infringement has been willful. *See id.* ¶¶ 73, 76, 80, 118, 121, 125, 165, 168, 173, 206, 209, 213, 249, 252, 256. ThroughPuter also claims Google "knew or

was willfully blind to the fact that it was inducing infringement . . . under 35 U.S.C. § 271(b) by instructing, encouraging, directing, and requiring third parties, including its customers, to [] infringe." *Id.* ¶¶ 74, 119, 166, 207, 250. ThroughPuter adds that Google allegedly "has knowingly and actively aided and abetted, encouraged, and contributed to the indirect infringement . . . by instructing and encouraging its customers, purchasers, users, developers, vendors, partners, and manufacturers" to infringe via "direct communications, training and support materials," and the like. *Id.* ¶¶ 75, 120, 167, 208, 251. ThroughPuter ultimately requests judgment of direct and/or indirect infringement and willful infringement as to each asserted patent. *Id.*, Prayer for Relief.

## Legal Standard

### I.      Rule 12(b)(6)

To overcome a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), ThroughPuter must "state a claim to relief that is plausible on its face" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

### II.     Patent Infringement

A party may be liable for patent infringement not only by directly making, using, offering to sell, selling, or importing a patented invention (direct infringement under § 271(a)), but also by indirectly infringing the patent in either of two ways: actively inducing another's infringement of the invention (induced infringement under § 271(b)); or knowingly selling, offering to sell, or importing a material component adapted for infringing use in a larger product

-3-

and not suitable for substantial non-infringing use (contributory infringement under § 271(c)). 35 U.S.C. § 271 (a)–(c). A plaintiff also may seek enhanced damages for willful patent infringement. 35 U.S.C. § 284; *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016).

### A.      Induced infringement requires knowledge or willful blindness.

Induced patent infringement under 35 U.S.C. § 271(b) imposes liability on "[w]hoever actively induces infringement of a patent." 35 U.S.C. § 271(b). Among other things, "[t]o allege indirect infringement, the plaintiff must plead specific facts sufficient to show that the accused infringer had actual knowledge of the patents-in-suit, or was willfully blind to the existence of the patents-in-suit." *Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*, No. 6:20-cv-00318-ADA, 2021 WL 4555802, at *1 (W.D. Tex. Oct. 4, 2021). And the plaintiff must specifically allege "knowledge that the induced acts constitute patent infringement" or "willful blindness" to the likelihood of infringement," not merely knowledge of the patents. *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011).

Though the filing of the complaint may support a claim for post-suit indirect infringement, "it does not support a claim for pre-suit indirect infringement"; instead, "to survive a 12(b)(6) motion to dismiss as to any pre-suit indirect infringement claims, [the plaintiff] must adequately plead pre-suit knowledge." *Ginko, LLC v. Apple Inc.*, No. 1:24-cv-1279-DAE, Dkt. 56 at *8–9 (W.D. Tex. Sept. 26, 2025). "[A]lthough all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead 'specific facts, not mere conclusory allegations.'" *Id.* at *4 (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). For example, "general references to a purported infringer's website, without identifying any specific statements or materials in support, are not enough"; "neither are instructions directing customers to engage in an allegedly infringing use of the patent." *Network Sys. Techs., LLC v. Qualcomm Inc.*, No. 1:22-cv-01331, 2023 WL 11833572, at *11 (W.D. Tex. July 21, 2023).

"Willful blindness is a high standard, requiring that the alleged inducer (1) subjectively believe that there is a high probability that a fact exists and (2) take deliberate actions to avoid learning of that fact." *Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1373 (Fed. Cir. 2015) (citing *Glob.-Tech Appliances*, 563 U.S. at 766, 769). "[A] plaintiff who relies on willful blindness to plead knowledge must identify in its complaint affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent to escape dismissal." *Kirsch*, 2021 WL 4555802, at *2 (citation omitted).

**B.      Willful infringement likewise requires knowledge or willful blindness.**

A claim of willful infringement similarly must adequately allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Elecs.*, 579 U.S. at 105; *Kirsch*, 2021 WL 4555802, at *1. Therefore, a plaintiff must plausibly allege that a defendant "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 774 (W.D. Tex. 2022) (citations omitted). "Mere knowledge of the Asserted Patents is not enough" to establish knowledge of infringement. *Id.* at 777; *CTD Networks, LLC v. Google, LLC*, 688 F. Supp. 3d 490, 504 (W.D. Tex. 2023). Because "[t]he knowledge requirement for willful patent infringement is the same as for indirect patent infringement," a plaintiff's failure to adequately allege pre-suit knowledge or willful blindness requires dismissal of its claims of both pre-suit induced infringement and pre-suit willful infringement. *Network Sys. Techs.*, 2023 WL 11833572, at *14.

**C.      Contributory infringement requires knowledge or willful blindness, and other elements.**

"Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S.

632, 639 (2015) (citation omitted); *see Bio-Rad Lab'ys, Inc. v. USITC*, 998 F.3d 1320, 1335 (Fed. Cir. 2021). The plaintiff also must plead "that the accused infringer's component is not suitable for a substantial non-infringing use" and "that the accused infringer's component is material to practicing the claimed invention." *BillJCo*, 583 F. Supp. 3d at 781–82; *Arris Grp., Inc. v. British Telecommc'ns PLC*, 639 F.3d 1368, 1376 (Fed. Cir. 2011); *see* 35 U.S.C. § 271(c).

## Argument

ThroughPuter's complaint has two primary flaws. ThroughPuter first fails to adequately plead pre-suit knowledge of or willful blindness to infringement of the asserted patents—thus failing to allege an essential element of pre-suit indirect infringement (whether induced or contributory) and pre-suit willful infringement. Second, ThroughPuter fails generally to allege contributory infringement, including that Google's accused components are not suitable for a substantial non-infringing use and are material to practicing the claimed inventions. The Court thus should dismiss ThroughPuter's claims for pre-suit indirect and willful infringement and its claims for contributory infringement.

**I.      ThroughPuter states no claim of pre-suit indirect or willful infringement.**

ThroughPuter's claims for pre-suit indirect and willful infringement should be dismissed because ThroughPuter fails to plausibly allege that Google knew of infringement of the asserted patents, or was willfully blind to the same, before ThroughPuter filed this case. *See Glob.-Tech Appliances*, 563 U.S. at 765–66; *Commil*, 575 U.S. at 639.

**A.      ThroughPuter does not allege Google knew of the alleged infringement of the asserted patents before ThroughPuter filed its complaint.**

ThroughPuter inadequately alleges that Google had pre-suit knowledge. Both forms of indirect infringement (induced and contributory) require knowledge not only of the asserted patents but also of infringement. *Glob.-Tech Appliances*, 563 U.S. at 766 (induced infringement

requires "knowledge that the induced acts constitute patent infringement"); 35 U.S.C. § 271(c) (contributory infringement requires "knowing [that a component is] especially made or especially adapted for use in an infringement"). So does willful infringement. *CTD Networks, LLC v. Amazon.com, Inc.*, 688 F. Supp. 3d 436, 447 (W.D. Tex. 2023); *Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*, No. 6:20-cv-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sep. 1, 2021). ThroughPuter must plead "specific facts sufficient to show that the accused infringer had actual knowledge of the patents-in-suit" and of infringement of the patents. *Ginko*, No. 1:24-cv-1279-DAE, Dkt. 56 at *6.

ThroughPuter has not done so—it pleads no supporting facts and does not suggest how Google knew that it was allegedly infringing the asserted patents. In full, ThroughPuter vaguely alleges that "Defendant knew or was willfully blind to the fact that it was inducing infringement of the [asserted patents] under 35 U.S.C. § 271(b) by instructing, encouraging, directing, and requiring third parties, including its customers, to [] infringe by using the Accused Products in the United States." Compl., ¶¶ 74, 119, 166, 207, 250. These allegations do not reference any purported knowledge of the asserted patents or of infringement of those patents and are insufficient to plausibly suggest pre-suit knowledge. *See Flypsi, Inc. v. Google LLC*, No. 6:22-cv-0031-ADA, 2022 WL 3593053, at *5 (W.D. Tex. Aug. 22, 2022) ("Here, the deficiency lies in a failure to allege Google's actual knowledge of either the patents or the patent filings."); *see also Network Sys. Techs.*, 2023 WL 11833572, at *6 ("[A]llegations of pre-suit knowledge based solely on a defendant's involvement in the same market fail to pass muster, even on a motion to dismiss."). ThroughPuter especially fails to make even "reed-thin" pre-suit allegations that Google was not only aware of the patents but also knew that it was infringing the asserted patents, as "[m]ere knowledge of the Asserted Patents is not enough." *BillJCo*, 583 F. Supp. 3d

at 777 (dismissing claims of pre-suit willful and indirect infringement because "[t]he Complaint does not allege that BillJCo's June 2019 letter notified Apple that it infringed the Asserted Patents or identified Apple products accused of infringement here"). ThroughPuter thus has not suggested that Google had pre-suit knowledge of infringement of the asserted patents to meet its pleading requirements. "This defect stands indomitable." *Network Sys. Techs.*, 2023 WL 11833572, at *10 (rejecting allegations that did not assert "more than knowledge of the acts inducing infringement"). ThroughPuter thus has not plausibly alleged pre-suit knowledge to support claims of pre-suit indirect or willful infringement.

**B.      ThroughPuter does not allege pre-suit willful blindness.**

ThroughPuter's allegations of pre-suit willful blindness are just as conclusory as its allegations of pre-suit knowledge. ThroughPuter summarily alleges only that Google "knew or was willfully blind to the fact that it was inducing infringement of the [asserted patents]." Compl., ¶¶ 74, 119, 166, 207, 250. Nowhere does ThroughPuter "identify . . . affirmative actions taken by [Google] to avoid gaining actual knowledge" of the asserted patents or infringement. *Kirsch*, 2021 WL 4555802, at *2 (citing *Script Sec. Sols. LLC v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 937–38 (E.D. Tex. 2016) and *Glob.-Tech Appliances*, 563 U.S. at 769–71). ThroughPuter's allegations fall well below even allegations that this Court has previously found deficient. *See Ginko*, No. 1:24-cv-1279-DAE, Dkt. 56 at *11 ("[A]llegations of pre-suit knowledge based on the size of the defendant's company, general monitoring activities, familiarity with patent enforcement, and general due diligence patent searches fall short of what is required even at the motion to dismiss stage."). ThroughPuter fails to make any, much less plausible, factual allegations of willful blindness of infringement.

By failing to allege either pre-suit knowledge of, or willful blindness to, the asserted patents and infringement of those patents, ThroughPuter has failed to state a claim for pre-suit

indirect infringement (whether induced or contributory) and for pre-suit willful infringement, and the Court should dismiss those aspects of ThroughPuter's complaint.

**II.      ThroughPuter's claims of contributory infringement fail entirely.**

ThroughPuter altogether fails to state any claim for contributory infringement, whether pre-suit or post-suit. For starters, ThroughPuter's claims for indirect infringement refer to the relevant statutory section for induced infringement, § 271(b), but nowhere mention the separate provision for contributory infringement, § 271(c). *See* Compl. ¶¶ 74, 119, 166, 207, 250 ("In addition to directly infringing the [] patent . . . Defendant also knew or was willfully blind to the fact that it was inducing infringement of the [] patent under 35 U.S.C. § 271(b) . . . .").

Still, ThroughPuter elsewhere claims that Google "has knowingly and actively aided and abetted, encouraged, *and contributed to* [] indirect infringement" and that Google "has had actual knowledge of its indirect infringement its acts induced *and/or contributed* to." Compl. ¶¶ 75–76, 120–21, 167–68, 208–09, 251–52 (emphases added). To the extent ThroughPuter believes these scant references to Google's alleged contributory actions are enough to state a contributory infringement claim, whether pre-suit or post-suit, it is mistaken. For example, ThroughPuter has failed to plead two requisite elements of contributory infringement: that Google's product components have no substantial non-infringing uses and that they are material to practicing the claimed invention. *See* 35 U.S.C. § 271(c); *BillJCo*, 583 F. Supp. 3d at 781–82. That burden is on ThroughPuter. *See Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 198 (2014). Nowhere in the Complaint does ThroughPuter present even "mere boilerplate" allegations, much less a coherent theory of contributory infringement. *BillJCo*, 583 F. Supp. 3d at 782 (finding a plaintiff "has insufficiently pleaded contributory infringement" where the plaintiff alleged that products had no substantial non-infringing uses but "offers nothing to support this contention").

ThroughPuter instead simply adds the word "contributed" to its indirect infringement claims without meaningfully alleging a theory of contributory infringement. ThroughPuter thus "has made no attempt to focus its contributory infringement allegations on any specific components or functions" and has not alleged even in conclusory fashion that the accused products have no substantial non-infringing uses and are material to the claimed inventions. *BillJCo*, 583 F. Supp. 3d at 782. This failure warrants dismissal of ThroughPuter's contributory infringement claims in their entirety, not just for the pre-suit period.

## Conclusion

For the above reasons, Google asks the Court to dismiss (1) ThroughPuter's claims of pre-suit indirect infringement and pre-suit willful infringement and (2) ThroughPuter's claims of contributory infringement in their entirety.

DATED:  December 18, 2025                    Respectfully Submitted,


By: */s/ Robert W. Unikel*
Robert W. Unikel
IL Bar #: 6216974
robertunikel@paulhastings.com
Matthew Lind (*pro hac vice*)
IL Bar #: 6327241
mattlind@paulhastings.com
PAUL HASTINGS LLP
71 S. Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Elizabeth L. Brann (*pro hac vice*)
CA Bar #: 222873
elizabethbrann@paulhastings.com
PAUL HASTINGS LLP
4655 Executive Drive, Suite 350
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert R. Laurenzi
NY Bar #: 3024676
robertlaurenzi@paulhastings.com
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Allan M. Soobert (*pro hac vice*)
VA Bar #: 35817
allansoobert@paulhastings.com
PAUL HASTINGS LLC
2050 M Street NW
Washington, D.C., 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

Brian C. Banner
TX Bar #: 24059416
bbanner@sgbfirm.com
SLAYDEN GRUBERT BEARD PLLC

401 Congress Ave., Suite 1650
Austin, TX 78701
Telephone: (512) 402-3569
Facsimile: (512) 402-6865

Attorneys for Defendant GOOGLE LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2025, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system.

 /s/ Robert W. Unikel
Robert W. Unikel

-12-