**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

THROUGHPUTER, INC.,

      Plaintiff,

      v.

GOOGLE LLC,

      Defendant.

Case No. 1:25-CV-01625-DAE

**JURY TRIAL DEMANDED**

**PROPOSED SCHEDULING ORDER AND**
**JOINT DISCOVERY PLAN PURSUANT TO RULE 26(f)**

Pursuant to Federal Rule of Civil Procedure 16, Plaintiff ThroughPuter, Inc. ("ThroughPuter") and Defendant Google LLC ("Google") respectfully submit the following Proposed Scheduling Order, which contains certain modifications to the Court's Proposed Scheduling Order, and Joint Discovery Plan Pursuant to Rule 26(f) to the Court.  The parties provide a chart of the proposed schedule in Exhibit A and separately submit their positions regarding their proposed schedules.  Given the parties' dispute concerning the schedule, dates are not included for the deadlines in the case in the paragraphs below.

1.      ThroughPuter served its complaint on Google on October 7, 2025. Thereafter, ThroughPuter agreed to extend Google's deadline to respond to the complaint through December 18, 2025.  On December 18, 2025, Google filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  ThroughPuter filed its opposition to Google's motion to dismiss on January 16, 2026, and Google's reply was filed on January 28, 2027.  In its Reply, Google does not oppose ThroughPuter's request to deny its motion to dismiss at moot.

2.      The parties must mediate this case and file a report in accordance with Rule 88 after the mediation is completed.

3.      The parties asserting claims for relief shall submit a written offer of settlement to opposing parties, and each opposing party shall respond, in writing.  All offers of settlement are to

be private, not filed.  The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorneys' fees and costs at the conclusion of the trial.

4.    [**Google**] Plaintiff shall serve preliminary infringement contentions. The preliminary infringement contentions shall include a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.*, the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit.

5.    [**Google**] Defendant shall serve preliminary invalidity contentions**.** The preliminary invalidity contentions shall include a chart setting forth where in the prior art references each element of the asserted claim(s) are found, an identification of any limitations Defendant contends are indefinite or lack written description under section 112, and and identification of any claims Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s).

6.    The parties shall meet and confer to discuss narrowing the number of claims asserted and prior art references at issue.

7.    The parties will exchange initial disclosures.  The parties do not request changes in the form or requirement for disclosures under Rule 26(a)(1)(A).

8.    Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge."

9.    The following schedule shall apply to claim construction proceedings in this case:

a.    The parties shall concurrently exchange a list of claim terms a party believes should be construed by the Court and identify any claim element a party contends should be governed by 35 U.S.C. § 112(f).

b.    The parties shall concurrently exchange proposed constructions.

c.      The parties shall disclose extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.  With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced.

d.      The parties shall meet and confer to narrow terms in dispute and exchange revised lists of terms and proposed constructions, if any.

e.      Defendant shall file its Opening Claim Construction Brief, with supporting evidence, including any declarations of expert witnesses in support of claim construction. The page limit for the Opening Claim Construction Brief shall be 30 pages, exclusive of the caption, signature block, any certificate, and exhibits.

f.      Plaintiff shall file its Responsive Claim Construction Brief with supporting evidence, including any responsive declarations of expert witnesses in support of its responsive positions.  The page limit for the Responsive Claim Construction Brief shall be 30 pages, exclusive of the caption, signature block, any certificate, and exhibits.

g.      Defendant shall file its Reply Claim Construction Brief.  The page limit for the Reply Claim Construction Briefs shall be 15 pages, exclusive of the caption, signature block, any certificate, and exhibits.

h.      Plaintiff shall file its Sur-Reply Claim Construction Brief.  The page limit for the Sur-Reply Claim Construction Brief shall be 15 pages, exclusive of the caption, signature block, any certificate, and exhibits.

i.      Claim Construction Hearing:  **October ___, 2026.**

7.      The parties shall file all motions to amend or supplement pleadings or to join additional parties without good cause by a specific date.

3

8.      Counsel may by agreement continue fact discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

9.      [**Google**] Plaintiff shall serve Final Infringement Contentions. Defendant shall serve Final Invalidity Contentions.

10.      All parties with the initial burden of proof shall exchange opening expert reports (all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)).  The parties shall exchange rebuttal expert reports (all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)). **[ThroughPuter:** The parties shall exchange reply expert reports (all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) by **May 20, 2027**.]  All designations of rebuttal experts shall be designated within fourteen (14) days of receipt of the report of the opposing expert.

11.      Counsel may by agreement continue expert discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

12.      An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion (i.e., Daubert motion), specifically stating the basis for the objection and identifying the objectionable testimony, at the same time as the date for filing dispositive motions.  Each such motion shall be limited to 25 pages.  Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 25 pages.  Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.  Nothing herein prevents a party from filing multiple dispositive and/or Daubert motions, provided that such motions meet the requirements provided herein.  If parties elect not to file dispositive motions, they must contact the courtroom deputy on or before this deadline in order to set a trial date.

13.      The hearing on dispositive motions may be set by the Court for a date after the deadline for responses and replies.

14.    The parties shall serve pretrial disclosures under Local Rule CV-16(f)(1)-(8) (proposed voir dire questions; a statement of the party's claims and defenses; list of stipulated facts; identification of expects to use and may use exhibits; identification of expects to call and may call witnesses; deposition designations; proposed jury instructions and verdict forms; Proposed Findings of Fact and Conclusions of Law). The parties shall serve objections to pretrial disclosures and rebuttal disclosures. The parties shall serve objections to rebuttal disclosures. The parties shall file pretrial disclosures, rebuttal disclosures and objections.

15.    The parties shall file motions *in limine*. The parties shall serve oppositions to motions *in limine*.

16.    The Court will set the case for trial by separate order. The order will establish trial type deadlines to include pretrial matters pursuant to Local Rule CV-16(e)-(g).

17.    By filing an agreed motion, the parties may request that this Court extend any deadline set in this Order.

18.    Other Agreements Regarding Discovery Pursuant to Rule 26(f):

a.    Federal Rule 26(f)(3)(B): The parties anticipate discovery on all matters relevant to their pending claims and defenses. The parties believe that discovery should be conducted in phases, with expert discovery following the close of fact discovery.

b.    Federal Rule 26(f)(3)(C): The parties are continuing to discuss terms and conditions for the preservation and production of documents and electronically stored information and the scope of electronic discovery.

c.    Federal Rule 26(f)(3)(D): The parties anticipate confidential information will be exchanged in this case. The parties are therefore discussing a Protective Order and intend to request entry of a stipulated protective order. To facilitate discovery and avoid delay, the parties agree that, until a protective order is entered, if any document or information produced in this matter is deemed confidential by the producing party, the document shall be marked "confidential" or with some other confidential designation (such as "Confidential – Outside Attorneys' Eyes Only") by the disclosing party and disclosure

of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s) and support personnel at their law firms.

d.      Federal Rule 26(f)(3)(E): The parties do not presently believe any changes should be made to the limitations on discovery beyond those imposed under the Federal Rules of Civil Procedure and the Local Rules.

e.      Federal Rule 26(f)(3)(F): At this time, the parties have not requested any orders that the Court should issue under Rule 26(c) or Rule 16(b) and (c) but will be requesting a Scheduling Order and Protective Order as discussed above.

f.      The parties consent pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) that the parties may serve any document—including, for example, discovery requests, discovery responses, and expert and other disclosures—on the other party by electronic means, including but not limited to e-mail, FTP sites, or secure file-sharing services.  The parties agree that service on any party by e-mail shall be made on all counsel of record for that party.

Dated:   February 19, 2026                              Respectfully submitted,

| | |
|---|---|
| */s/ W. Cook Alciati* | */s/ Robert W. Unikel* |
| W. Cook Alciati (*pro hac vice*) | Robert W. Unikel |
| Email: calciati@ga-iplaw.com | IL Bar #: 6216974 |
| Greg Gardella (*pro hac* vice) | robertunikel@paulhastings.com |
| Email: ggardella@ga-iplaw.com | Matthew Lind (*pro hac vice*) |
| Michael Stimson (*pro hac vice*) | IL Bar #: 6327241 |
| Email: mstimson@ga-iplaw.com | mattlind@paulhastings.com |
| Alexis L. Ritzer, TX Bar No. 24115116 | **PAUL HASTINGS LLP** |
| Email: aritzer@ga-iplaw.com | 71 S. Wacker Drive, Suite 4500 |
| **GARDELLA ALCIATI, P.A.** | Chicago, IL 60606 |
| 80 M Street SE, 1st Floor | Telephone: (312) 499-6000 |
| Washington D.C. 20003 | Facsimile: (312) 499-6100 |
| Telephone: (703) 721-8379 | |
| | Elizabeth L. Brann (*pro hac vice*) |
| Counsel for Plaintiff | CA Bar #: 222873 |
| THROUGHPUTER, INC. | elizabethbrann@paulhastings.com |

**PAUL HASTINGS LLP**
4655 Executive Drive, Suite 350
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert R. Laurenzi
NY Bar #: 3024676
robertlaurenzi@paulhastings.com
**PAUL HASTINGS LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

Allan M. Soobert (*pro hac vice*)
VA Bar #: 35817
allansoobert@paulhastings.com
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, D.C., 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

Brian C. Banner (TX Bar No. 24059416)
bbanner@sgbfirm.com
**SLAYDEN GRUBERT BEARD PLLC**
401 Congress Ave., Suite 1650
Austin, TX 78701
Telephone: (512) 402-3569
Fax: (512) 402-6865

Counsel for Defendant
GOOGLE, LLC.

7

SO ORDERED on _____, _____.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

§
§
§
§

**NOTICE CONCERNING REFERENCE TO**
**UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c), Federal Rule of Civil Procedure

73, and the Local Rules of the United States District Court for the Western District of Texas, the

following party _____

through counsel_____

_____ consents to having a United States Magistrate Judge preside over the trial in this

case.

_____ declines to consent to trial before a United States Magistrate Judge.

_____

Respectfully submitted,


_____

Attorney for:

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Dated: February 19, 2026

*/s/ W. Cook Alciati*
W. Cook Alciati